# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GIGER WELDING AND FABRICATION, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No.: 4:21-cv-00741-HFS |
| vs. | )<br>) |
| TRANZACT TECHNOLOGIES, INC. D/B/A CAPACITY & SERVICE SOLUTIONS, | )<br>)<br>) |
| DFW MOVERS & ERECTORS, INC., | )<br>) |
| AFC TRANSPORT, INC., | )<br>) |
| Serve at:<br>Kateryna Minasyan,<br>6801 Melton Rd., Suite B, Gary, IN 46403 | )<br>)<br>)<br>) |
| and | ) |
| JOHN DOE, | )<br>) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, Giger Welding and Fabrication, LLC (hereinafter "Plaintiff") pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), by and through their attorneys, Terese A. Drew, and the law firm Hinshaw & Culbertson, LLP, and for their First Amended Complaint against Defendants states:

## JURISDICTION AND VENUE

1. Plaintiff is a limited liability company in good standing and organized in the State of Missouri.

2. Defendant Tranzact Technologies, Inc. d/b/a Capacity & Service Solutions ("Capacity") is an Illinois domestic corporation.

3. Defendant DFW Movers & Erectors, Inc. ("DFW") is a Texas domestic corporation.

4. Defendant AFC Transport, Inc. ("AFC") is an Indiana domestic corporation.

5. Defendant John Doe's citizenship is unknown, and Plaintiff will seek leave to amend to supplement John Doe's true name and citizenship upon conducting discovery. Upon present information and belief, John Doe is also a citizen of Indiana, where AFC is headquartered, and/or Illinois, where Defendant AFC also maintains a location.

6. Defendants Capacity, DFW, AFC, and John Doe are each and all subject to personal jurisdiction in this Court pursuant to their agreements entered into in the State of Missouri and/or transaction of business in the State of Missouri under Missouri's Long-Arm Statute, Mo. Rev. Stat. § 506.500.

7. Defendants Capacity, AFC, and John Doe also have sufficient minimum contacts with the State of Missouri supporting personal jurisdiction to satisfy the Due Process Clause of the Fourteenth Amendment due to their agreements, directly and/or by agent, to deliver Plaintiff's plasma cutter to Slater, Missouri.

8. Defendant DFW has sufficient minimum contacts with the State of Missouri supporting personal jurisdiction to satisfy the Due Process Clause of the Fourteenth Amendment due to its intentional and significant contacts with Missouri in assisting Giger and Defendant Capacity in lending its expertise to those entities to plan the logistics and equipment needed for AFC to transport the secured plasma cutter to Slater, Missouri.

9. Defendant DFW also took actions after Plaintiff's plasma cutter was damaged to further assist Defendant AFC in securing the transport of the damaged equipment to Missouri.

10. DFW's refusal to take responsibility for failure to properly secure Plaintiff's plasma cutter, which DFW attributed to Defendant John Doe's actions, in addition to the facts

pled herein, resulted in foreseeable harm to Giger in the State of Missouri, and made this Court's exercise of personal jurisdiction over DFW foreseeable.

11. Further, by participating in a joint venture, as further alleged in Count VII, all Defendants, and each of them, have minimum contacts with Missouri that are attributable to one another as co-defendants and mutual agents of the joint venture.

12. The amount in controversy is over seventy-five thousand dollars ($75,000.00).

13. Upon information and belief, diversity jurisdiction is proper in this Court under 28 U.S.C. § 1332.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and §1391(c)(2) in that jurisdiction is proper over all Defendants and the plasma cutter which is the subject of this litigation is located in Slater, Missouri.

**ALLEGATIONS COMMON TO ALL COUNTS**

15. Plaintiff purchased a plasma cutter which was to be shipped from Trinity Industries in the State of Texas to Plaintiff's headquarters at 998 N. Broadway, Slater, Missouri 65349.

16. Plaintiff hired Defendant Capacity as a broker to arrange the transportation of the plasma cutter from Trinity Industries to Plaintiff's location in Slater, Missouri.

17. Defendant Capacity, acting as broker, hired Defendant AFC as the carrier to transport the plasma cutter from Texas to Plaintiff Slater, Missouri.

18. Plaintiff arranged for DFW to serve as the rigging company to load the plasma cutter and secure the load for transport.

19. Defendant John Doe was AFC's driver transporting the plasma cutter from Trinity Industries to Plaintiff's location in Slater, Missouri.

20. On or about March 4, 2020, Defendant John Doe arrived at Trinity Industries to pick up the plasma cutter.

21. In loading the plasma cutter, Defendants AFC, John Doe, and DFW, each and all failed to secure the securement locks to ensure that the cutting head of the plasma cutter would not move.

22. Within about 10-15 minutes of John Doe leaving Trinity Industries with the plasma cutter, John Doe locked up the brakes of the trailer trying to avoid running a red light, during which the cutting head moved forward and fell off the plasma cutter, landing on the deck of the trailer and causing damages.

23. Damages as a result of this incident were $216,326.00 for the repair of the plasma cutter.

24. Despite demand being made, none of the Defendants have accepted responsibility for the damage done to Plaintiff's plasma cutter.

**Count I – Claim against John Doe for Negligence**

COMES NOW, Plaintiff, and for Count I of their First Amended Complaint against Defendant, John Doe, states to the Court as follows:

25. Plaintiff realleges and incorporates herein by reference the facts and allegations set forth in each of the foregoing paragraphs of Plaintiff's First Amended Complaint.

26. Defendant John Doe owed a duty of care to Plaintiff to deliver the plasma cutter in the same condition as it was in prior to shipment.

27. Defendant John Doe breached that duty, and Defendant was negligent in the following respects:

   a. Failing to inspect the plasma cutter to confirm the equipment was in a condition to be transported;

   b. Failing to secure the cutting head of the plasma cutter by engaging the securement locks to keep the head from moving;

   c. Failing to exercise reasonable care to add any additional tie downs and/or securement measures needed to prevent the equipment from moving and/or separating and causing damage;

   d. Failing to seek relevant instruction from DFW in securing the equipment;

   e. Failing to exercise reasonable care in the operation of a tractor trailer carrying in excess of 20,000 lbs. of equipment, specifically:

      i. Failing to keep a careful lookout;

      ii. Failing to maintain appropriate speed approaching a traffic signal;

      iii. Failing to brake safely and appropriately to prevent jarring and damaging the equipment.

28. Defendant John Doe knew or should have known by the use of the highest degree of care that there was a reasonable likelihood of damage to Plaintiff's property in failing to properly secure Plaintiff's equipment and failing to drive carefully in hauling the load, but Defendant failed to do so.

29. The negligence of Defendant John Doe directly caused or directly contributed to cause the damage to Plaintiff's plasma cutter, and as a direct result of Defendant's actions, Plaintiff suffered damage to its equipment as alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendant John Doe in the amount of $216,326.00, for their costs herein expended and for such other and further relief as the Court deems just and proper in the circumstances.

**Count II – Claim against AFC for Negligence**

COMES NOW, Plaintiff, and for Count II of their First Amended Complaint against Defendant, AFC, states to the Court as follows:

30. Plaintiff realleges and incorporates herein by reference the facts and allegations set forth in each of the foregoing paragraphs of Plaintiff's First Amended Complaint.
31. Defendant AFC owed a duty of care to Plaintiff to deliver the plasma cutter in the same condition as it was in prior to shipment.
32. Defendant AFC breached that duty directly and/or by respondeat superior for the actions of its driver, John Doe, and Defendant was negligent in the following respects:
    a. Failing to inspect the plasma cutter to confirm the equipment was in a condition to be transported;
    b. Failing to secure the cutting head of the plasma cutter by engaging the securement locks to keep the head from moving;
    c. Failing to exercise reasonable care to add any additional tie downs and/or securement measures needed to prevent the equipment from moving and/or separating and causing damage;
    d. Failing to seek relevant instruction from DFW in securing the equipment;
    e. Failing to exercise reasonable care in the operation of a tractor trailer carrying in excess of 20,000 lbs. of equipment, specifically:

i. Failing to keep a careful lookout;

   ii. Failing to maintain appropriate speed approaching a traffic signal;

   iii. Failing to brake safely and appropriately to prevent jarring and damaging the equipment.

33. Defendant AFC knew or should have known by the use of the highest degree of care that there was a reasonable likelihood of damage to Plaintiff's property in failing to properly secure Plaintiff's equipment and failing to drive carefully in hauling the load, but Defendant failed to do so.

34. The negligence of Defendant AFC directly caused or directly contributed to cause the damage to Plaintiff's plasma cutter, and as a direct result of Defendant's actions, Plaintiff suffered damage to its equipment as alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendant AFC Transport, Inc. in the amount of $216,326.00, for their costs herein expended and for such other and further relief as the Court deems just and proper in the circumstances.


**Count III – Claim against Capacity for Negligence: Agency with AFC**

COMES NOW, Plaintiff, and for Count III of their First Amended Complaint against Defendant, Capacity, states to the Court as follows:

35. Plaintiff realleges and incorporates herein by reference the facts and allegations set forth in each of the foregoing paragraphs of Plaintiff's First Amended Complaint.

36. Plaintiff hired Defendant Capacity to arrange the transport of its plasma cutter from Trinity Industries's location to Plaintiff's location in Slater, Missouri.

37. Defendant Capacity brokered that load to AFC as carrier of the load.

38. In brokering the load to AFC to haul, Defendant Capacity created an agency relationship with AFC by which AFC was to perform Defendant Capacity's duties to Plaintiff.

39. At the time Plaintiff's plasma cutter was damaged on March 4, 2020, Defendant AFC was transporting the load pursuant to said agency agreement between Capacity and AFC.

40. At the time Plaintiff's plasma cutter was damaged on March 4, 2020, Defendant Capacity either controlled or had the right to control the physical conduct of AFC.

41. At all times relevant herein, AFC was acting as the agent of Defendant Capacity and was acting within the course and scope of their agency with Capacity.

42. The acts and/or omissions of AFC caused or contributed to the damage to Plaintiff's equipment.

43. As such, Defendant Capacity is vicariously liable for AFC's conduct, acts and/or omissions as more fully set forth in Count I of this First Amended Complaint.

WHEREFORE, Plaintiff prays for judgment against Defendant Tranzact Technologies, Inc. d/b/a Capacity and Service Solutions in the amount of $216,326.00, for their costs herein expended and for such other and further relief as the Court deems just and proper in the circumstances.

**Count IV – Claim against Capacity for Breach of Contract**

COMES NOW, Plaintiff, and for Count IV of their First Amended Complaint against Defendant, Capacity, states to the Court as follows:

44. Plaintiff realleges and incorporates herein by reference the facts and allegations set forth in each of the foregoing paragraphs of this Complaint.

45. Plaintiff entered into an Agreement with Defendant Capacity by which Defendant Capacity was hired to arrange the security and transportation of Plaintiff's plasma cutter from Trinity Industries's location to Plaintiff's location in Slater, Missouri.

46. In consideration for arranging to secure and transport the load, Plaintiff was to pay Defendant Capacity a fee of $1400.00.

47. Defendant Capacity was particularly hired for their broker role in consideration of their apparent expertise in transportation and marketed ability to coordinate appropriate rigging and transportation services for Plaintiff's specialized equipment load.

48. Defendant Capacity had the express and implied duty under this Agreement to deliver Plaintiff's equipment in the condition in which it was purchased.

49. However, Defendant Capacity materially breached this Agreement and deprived Plaintiff of its both its equipment and the benefit of the Agreement when its chosen agent, AFC, failed to properly secure and/or transport the plasma cutter, thereby damaging Plaintiff's property.

50. As a result of this breach, Plaintiff was damaged in the amount of $216,326.00.

WHEREFORE, Plaintiff prays for judgment against Defendant Tranzact Technologies, Inc. d/b/a Capacity and Service Solutions in the amount of $216,326.00, for their costs herein expended and for such other and further relief as the Court deems just and proper in the circumstances.

## Count V – Claim against DFW for Negligence

COMES NOW, Plaintiff, and for Count V of their First Amended Complaint against Defendant, DFW, states to the Court as follows:

51. Plaintiff realleges and incorporates herein by reference the facts and allegations set forth in each of the foregoing paragraphs of Plaintiff's First Amended Complaint.

52. Defendant DFW owed a duty of care to Plaintiff to ensure the plasma cutter was loaded and secured for transport.

53. Defendant DFW breached that duty directly and/or by respondeat superior for the actions of its employees, and Defendant was negligent in the following respects:

    a. Failing to properly load the plasma cutter onto the trailer for transport;

    b. Failing to inspect the plasma cutter to confirm the equipment was in a condition to be transported;

    c. Failing to secure the cutting head of the plasma cutter by engaging the securement locks to keep the head from moving;

    d. Failing to exercise reasonable care to add any additional tie downs and/or securement measures needed to prevent the equipment from moving and/or separating and causing damage;

    e. Failing to provide necessary instructions to AFC's driver, John Doe, for securing and transporting the plasma cutter to Plaintiff.

54. Defendant DFW knew or should have known that there was a reasonable likelihood of damage to Plaintiff's property in failing to inspect and properly load and secure Plaintiff's equipment and failing to properly instruct AFC's driver, John Doe, in securing and transporting the load of equipment, but Defendant failed to do so.

55. The negligence of Defendant DFW directly caused or directly contributed to cause the damage to Plaintiff's plasma cutter, and as a direct result of Defendant's actions, Plaintiff suffered damage to its equipment as alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendant DFW Movers & Erectors, Inc. in the amount of $216,326.00, for their costs herein expended and for such other and further relief as the Court deems just and proper in the circumstances.

### Count VI – Claim against DFW for Breach of Contract

COMES NOW, Plaintiff, and for Count VI of their First Amended Complaint against Defendant, DFW, states to the Court as follows:

56. Plaintiff realleges and incorporates herein by reference the facts and allegations set forth in each of the foregoing paragraphs of Plaintiff's First Amended Complaint.

57. Plaintiff entered into an Agreement with Defendant DFW by which Defendant DFW was hired to load and secure Plaintiff's plasma cutter for transport from Trinity Industries' s location to Plaintiff's location in Slater, Missouri.

58. In consideration for arranging to secure and transport the load, Plaintiff was to pay Defendant DFW a fee of $1750.00.

59. Plaintiff accepted DFW's quote by phone in the State of Missouri, because of the reasonableness of its quote and auctioneer, Plant & Machinery, Inc.'s inclusion of DFW on its list of approved riggers, which lead Plaintiff to believe it could rely on DFW's expertise in rigging its plasma cutter for secure transport.

60. Defendant DFW had the express and implied duty under this Agreement to secure Plaintiff's plasma cutter in a manner that it would arrive in Slater, Missouri in the condition in which it was purchased.

61. However, Defendant Capacity materially breached this Agreement and deprived Plaintiff of its both its equipment and the benefit of the Agreement when it failed to properly secure the plasma cutter and/or failed to properly instruct Defendant John Doe on necessary securement measures, thereby damaging Plaintiff's property.

62. As a result of this breach, Plaintiff was damaged in the amount of $216,326.00.

WHEREFORE, Plaintiff prays for judgment against Defendant DFW Movers & Erectors, Inc. in the amount of $216,326.00, for their costs herein expended and for such other and further relief as the Court deems just and proper in the circumstances.

### Count VII – Claim against Capacity, John Doe, AFC, and DFW: Joint Venture

COMES NOW, Plaintiff, and for Count VII of their First Amended Complaint against Defendants Capacity, John Doe, AFC, and DFW states to the Court as follows:

63. Plaintiff realleges and incorporates herein by reference the facts and allegations set forth in each of the foregoing paragraphs of Plaintiff's First Amended Complaint.

64. At all times relevant herein, Defendants Capacity, John Doe, AFC, and DFW were directly involved in the loading, rigging, and transportation of Plaintiff's equipment from Trinity Industries' location to Plaintiff's Slater, Missouri location.

65. At all times relevant herein, Defendants Capacity, John Doe, AFC, and DFW were responsible for securing Plaintiff's plasma cutter for transport.

66. At all times relevant herein, Defendants Capacity, John Doe, and AFC were responsible for transporting Plaintiff's plasma cutter to Missouri.

67. At all times relevant herein, Defendant Capacity directed Defendant AFC's, and/or its agent, Defendant John Doe's, activities in preparing the equipment for transport and/or transporting said equipment.

68. At all times relevant herein, between and among Defendants Capacity, John Doe, AFC, and DFW, there was an express or implied agreement, a common purpose, a community of pecuniary interest, and an equality of determining the direction of the enterprise relating to the transport and hauling of the load of Plaintiff's equipment on March 4, 2020, and as such, Defendants Capacity, John Doe, AFC, and DFW were engaged in a joint venture.

69. As venturers, said Defendants shared a mutual agency and equal right of control for all activities within the scope of the venture.

70. As venturers, Defendants Capacity, John Doe, AFC, and DFW are jointly and severally liable for the negligence of each participant in the scope of the venture as more fully set forth in Counts I, II, III, and Count V above.

WHEREFORE, Plaintiff prays for judgment against Defendants Tranzact Technologies, Inc. d/b/a Capacity and Service Solutions, John Doe, AFC Transport, Inc., and DFW Movers & Erectors, Inc. in the amount of $216,326.00, for their costs herein expended and for such other and further relief as the Court deems just and proper in the circumstances.

**HINSHAW & CULBERTSON LLP**

By: ___*/s/ Terese A. Drew*___
Terese A. Drew, #32030
701 Market Street, Suite 260
St. Louis, MO 63101-1843
P: 314-241-2600
F: 314-241-7428
tdrew@hinshawlaw.com
**ATTORNEYS FOR PLAINTIFF**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically using the Court's CM/ECF filing system, this 28th day of October, 2021, on the counsel of record listed below.

Russell F. Watters
John D. Cooney
Lauren N. Beeman
Brown & James, PC
800 Market Street, Suite 1100
St. Louis, MO 63101-2501
(314) 421-3400
(314) 421-3128 - Fax
rwatters@bjpc.com
jcooney@bjpc.com
lbeeman@bjpc.com
**Attorneys for Defendant**
**DFW Movers & Erectors, Inc.**

Kyle N. Roehler MO #51727
Jarred M. Stindt MO #73964
200 Main Street, Suite 2200
Kansas City, MO 64105-2159
816-472-7474
816-472-6262 Facsimile
kroehler@fwpclaw.com
jstindt@fwpclaw.com
**Attorneys for Defendant Capacity & Service**
**Solutions**



*/s/ Terese A. Drew*

1037120\309373431.v1