IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GIGER WELDING AND FABRICATION, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:21-cv-00741-DGK |
| DFW MOVERS & ERECTORS, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER RULING ON DEFENDANT'S OBJECTIONS TO PLAINTIFF'S COUNTER-DESIGNATIONS

This case involves alleged damage to a plasma cutter that was to be used for a welding business. Plaintiff Giger Welding and Fabrication, LLC ("Giger"), purchased a plasma cutter from an auction in Texas to assist with its welding business in Missouri. To get the plasma cutter to Missouri, Giger contracted with Defendants DFW Movers & Erectors, Inc. ("DFW"), and AFC Transportation, Inc. ("AFC"), to load and transport it on a semitruck. The plasma cutter was allegedly damaged during shipment. Giger then sued DFW, AFC, and other Defendants in state court to recoup damages for the repair of the plasma cutter as well as lost profits. The case was removed here, and DFW is now the only Defendant.

Now before the Court are Defendant's objections to Plaintiff's deposition counter-designations, ECF No. 262. For the reasons discussed below, Defendant's objections are DENIED.

### Background

Plaintiff filed its deposition designations on January 6, 2026. ECF No. 221. AFC filed its counter-designations on January 13, 2026. ECF No. 232. On January 13, 2026, DFW filed its

1

designations, ECF No. 233, and its objections and counter-designations to Giger's designations, ECF NO. 234.  On January 29, 2026, the Court dismissed the claims against AFC, ECF No. 245, pursuant to Plaintiff's Notice of Voluntary Dismissal, ECF No. 244.  Consequently, when Giger filed its response to DFW's objections pursuant to the Court's order, ECF No. 242, Giger withdrew all designations from AFC corporate deponent Denise Christensen, ECF No. 256.

On February 6, 2026, DFW sought leave to file out-of-time supplemental deposition designations from Denise Christensen's deposition.  ECF No. 257.  The Court granted the motion but noted that DFW had waited eight days from AFC's dismissal from the case to move for leave to file and that its motion came only one week before trial.  ECF No. 258.  The Court gave DFW until February 10, 2026, to file and Giger until February 11, 2026, to file any objections or counter-designations.  DFW filed its supplemental designations on February 9, 2026, ECF No. 259, and Giger filed brief counter-designations but no objections on February 11, 2026, ECF No. 260.

Even though the Court did not expressly permit DFW to file objections to Giger's counter-designations, DFW filed objections on February 12, 2026, ECF No. 262.  Rather than strike DFW's objections because of the lateness of the hour and the lack of express permission in the Court's order, the Court, out of an abundance of caution, ordered Giger to file a response to DFW's objections by 12 PM on February 13, 2026.  ECF No. 263.  Giger has done so.  ECF No. 266.

DFW objects here to the answers AFC's corporate deponent gave to its own questions. DFW made no mention of the alleged hearsay issues during the deposition itself and now seeks to exclude them.  Specifically, DFW objects to 37:20–38:5 and 44:12–17 of the Christensen deposition.  In the first, Christensen asserts AFC followed its own policies and fulfilled its obligations to Giger because it "properly secured the machinery to the trailer bed per the instructions of the rigger."  In the second, Christensen refers to the bill of lading for the plasma

2

cutter, paraphrasing a hand-written note on the bill, apparently by Neal Goodban, the AFC driver who hauled the plasma cutter, that says, "I loaded and secured machine per riggers' instructions. — Neal Goodban." *See* ECF No. 262 at 4. DFW argues Christensen's statements contain heresy not within an exception, are not based on Christensen's personal knowledge, lack foundation, are unfairly prejudicial, and are irrelevant. Giger's counter-designations of these statements invoke completeness, ECF No. 260. Giger responds to DFW's objections that the bill of lading is a business record admissible under Federal Rule of Evidence 803(6), is relevant, and is not unfairly prejudicial.

## Discussion

### I. Christensen's testimony as a corporate deponent did not require personal knowledge.

Denise Christensen was deposed as AFC's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6).[1] Rule 30(b)(6) requires corporate representatives to "testify about information known or reasonably available to the organization." The Rule places a burden on the corporate deponent to become familiar with all of the organization's information relevant to her deposition testimony. As such, Rule 30(b)(6) deponents often necessarily testify to things on behalf of the corporation about which they have no personal knowledge. *See Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.*, 703 F.3d 1104, 1110 (8th Cir. 2013) (corporate designee competent to testify as to corporation's knowledge in the absence of designee's personal

---

[1] While Giger's Notice of Deposition for Denise Christensen, ECF No. 152, does not specify Rule 30(b)(6) or describe the matters for examination, the deposition transcript lists as "Exhibit AFC4" an "E-mail With List of Topics," and the contents of the deposition itself make it clear that Christensen testified as a corporate deponent. Not only does DFW's trial witness list designate Christensen as a "[Rule] 30(b)(6) representative of AFC Transport," ECF No. 225 at 2, she was identified as such at the beginning of the deposition, ECF No. 262-2 at 7:11–8:2, DFW's counsel clarified during AFC's questioning that Christensen was being deposed as "the corporate rep," *id.* at 18:2, and DFW specifically asked her to speak on behalf of the corporation in the designations disputed here, *see id.* at 37:6, 13–14, 16–18, 20–24; 44:12–15.

3

knowledge, because "that is the precise function of the corporate designee"). As such, the Court rejects DFW's personal knowledge objection as meritless.

## II. Christensen's testimony in 37:20–38:5 is admissible under Federal Rule of Evidence 106 as explanation and context but not for its truth.

"If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Fed. R. Evid. 106. As the notes to the 2023 Amendments to Rule 106 indicate, "the use to which a completing statement can be put will depend on the circumstances. In some cases, completion will be sufficient for the proponent of the completing statement if it is admitted to provide context for the initially proffered statement." The Eighth Circuit has established factors for evaluating completeness under Rule 106: "Additional parts of a recording or written statement can be admitted if they are necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) ensure a fair and impartial understanding." *United States v. Thurber*, 106 F.4th 814, 831 (8th Cir. 2024) (cleaned up) (citation omitted).

DFW seeks to exclude the following exchange:

DFW question: "And so this—this job for the plaintiffs, the Gigers, was no different in the sense that you would agree that AFC Transport, under the federal regulations, as the carrier had the ultimate responsibility for properly securing the load to the trailer. Do you agree with that?"

AFC corporate deponent Christensen: "Correct. And I do—my answer is that we fulfilled that responsibility with the transportation of this cargo. We properly secured the machinery to the trailer bed per the instructions of the rigger. The fact that internal component was not in a position that would allow safe transportation would not be known to us."

Immediately before this exchange, DFW questioned Christensen, referring to an AFC PowerPoint presentation given to AFC drivers: "'[I]t states a driver must not operate a commercial motor

4

vehicle if the load isn't properly secured. . . . Does AFC Transit agree with that?' 'Yes.' 'And the statement in . . . the Federal Motor Carrier Safety Regulations put the responsibility for properly securing the load on you and your carrier. . . . And is that AFC Transport's understanding of what the federal regulations require?' 'Yes.'" ECF No. 262-2 at 37:1–14. DFW designates all of these questions and testimony but seeks to exclude Christensen's explanatory response.

The Court finds Christensen's statement warrants admission under Rule 106 to explain and provide context to her responses to DFW's questions. Christensen's statement seeks to clarify AFC's understanding of what "properly securing the load to the trailer" meant in response to DFW's questions and may be offered as such. It may not be offered for its truth, i.e., as evidence that AFC drover Goodban did in fact receive instructions from DFW that he then followed. And even if it were, DFW opened the door to this answer by its questioning on this topic. *See Hemphill v. New York*, 595 U.S. 140, 152 (2022) ("[T]he [door-opening] principle requires a trial court to determine whether one party's evidence and arguments, in the context of the full record, have created a misleading impression that requires correction with additional material from the other side."); *United States v. Eagle*, 515 F.3d 794, 801–02 (8th Cir. 2008) (affirming district court's admission of hearsay testimony because questioning during cross-examination "opened the door").

### III. Christensen's testimony in 44:12–17 is not hearsay, because it does not offer Goodban's statement for its truth.

Hearsay is an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Here, DFW asked Christensen "does AFC Transport have any knowledge as to what Neal Goodban did to assure himself, if anything, that this piece of equipment that he was tasked with hauling would make it to Missouri safely and undamaged?" Christensen's response, "His statement—written statement that he secured it per the rigger's instructions"—does not assert the truth of Goodban's written statement. It simply answers DFW's question. Her statement in 44:12–

5

17 is therefore not hearsay. And even if it were, DFW opened the door to this answer by its questioning on this topic. *See Hemphill v. New York*, 595 U.S. 140, 152 (2022) ("[T]he [door-opening] principle requires a trial court to determine whether one party's evidence and arguments, in the context of the full record, have created a misleading impression that requires correction with additional material from the other side."); *United States v. Eagle*, 515 F.3d 794, 801–02 (8th Cir. 2008) (affirming district court's admission of hearsay testimony because questioning during cross-examination "opened the door").

IV. **Christensen's statements are not unfairly prejudicial.**

"[R]ule 403 of the Federal Rules of Evidence does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis." *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30 (1983). Christensen's testimony does not do so here.

V. **The alleged Goodban statement is relevant.**

Evidence must be relevant to be admissible. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.* 401. DFW argues the Goodban statement is irrelevant because "there is no evidentiary foundation" to show that Goodban wrote it, what he meant, what the instructions were, or what Goodban did in response to the instructions. ECF No. 262 at 2. DFW's argument for irrelevance is misplaced and unsupported. DFW conflates foundation (Rule 901) and relevance (Rule 401) and offers no legal basis for its argument. The Court will not, therefore, exclude Christensen's testimony as irrelevant.

6

## Conclusion

For the reasons stated above, DFW's objections are DENIED.

**IT IS SO ORDERED.**

Date: February 16, 2026                     /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT